Case 5:20-cv-00588-OLG   Document 25   Filed 07/26/21   Page 1 of 8

FILED
July 26, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JU_____
                DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **OSBORNE JOSEPH HARVEY,** § | |
| **TDCJ No. 02161646,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | **CIVIL NO. 5:20-CV-0588-OLG** |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| **Respondent.** § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Osborne Joseph Harvey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental memorandum in support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 21), and Petitioner's Reply (ECF No. 23) thereto. In his § 2254 petition, Petitioner challenges the constitutionality of his 2017 state court conviction for aggravated sexual assault of a child, arguing: (1) he was not made aware of the charges against him before pleading guilty, (2) his Fourth Amendment rights were violated, (3) the trial court only heard one side of the case, and (4) there is insufficient evidence to support his conviction. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Procedural History

In October 2017, Petitioner plead no contest to aggravated sexual assault of a child and was sentenced to twenty-five years of imprisonment. *State v. Harvey*, No. 2016CR11668 (187th Dist. Ct., Bexar Cnty., Tex. Oct. 12, 2017); (ECF No. 20-2 at 73-74). The Fourth Court of Appeals dismissed Petitioner's subsequent appeal because he waived the right to appeal as part of the plea bargain agreement. *Harvey v. State*, No. 04-17-00729-CR, 2018 WL 340123 (Tex. App.—San Antonio, Jan. 10, 2018, no pet.); (ECF No. 20-3). Petitioner did not timely file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[1]

Instead, Petitioner waited until May 28, 2019, to file a state habeas corpus application challenging the constitutionality of his conviction and sentence. *Ex parte Harvey*, No. 90,909-01 (Tex. Crim. App.); (ECF No. 20-10 at 19). The Texas Court of Criminal Appeals denied the application without written order on February 19, 2020. (ECF No. 20-8). Petitioner then placed the instant federal habeas petition in the prison mail system on May 8, 2020. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1] While Petitioner did eventually seek to file a PDR in November 2018 (*see* ECF No. 20-7), no action was taken on the petition by the Texas Court of Criminal Appeals because it was filed well after the time for filing a PDR had expired. (ECF No. 21-1).

2

In this case, Petitioner's conviction became final February 9, 2018, when the time for filing a PDR with the Texas Court of Criminal Appeals actually expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on Monday, February 11, 2019.[2] Because Petitioner did not file his § 2254 petition until May 8, 2020—well over a year after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.    Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[2]    Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant conviction and sentence by filing an application for state post-conviction relief in May 2019, Petitioner's limitations period for filing a federal petition had already expired in February 2019. As a result, the state habeas application did not toll the one-year limitations period because it was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed May 8, 2020, is still well over a year late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case. In his Reply, Petitioner requests tolling based on his trial counsel's failure to explain that he had no right to a direct appeal as a result of his plea bargain. (ECF No. 23 at 4-5). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation and citation omitted). Petitioner does not argue that he was misled by the defendant—rather, he contends it was his own trial

counsel's failure to inform him that he waived his right to appeal that led Petitioner to file his federal petition late. Even assuming counsel did not advise Petitioner of this waiver (a fact which is not supported by the record), any ineffective assistance on the part of trial counsel has no bearing on equitable tolling because it occurred *before* Petitioner's conviction became final in February 2018. In other words, Petitioner's futile pursuit of a direct appeal did not prevent him from timely filing a federal petition because the limitations period did not begin until February 2018, after his direct appeal was dismissed. As such, equitable tolling is not warranted.

Petitioner also contends he is entitled to equitable tolling because his appellate counsel "never instructed Petitioner of the time limitations pursuant to the AEDPA but rather further impeded and contributed to the untimely filing by instructing Petitioner to file a frivolous PDR." (ECF No. 23 at 5). To support his allegation, Petitioner provides a letter from appellate counsel dated February 7, 2018—almost a month after Petitioner's appeal was dismissed—wherein counsel informed Petitioner of the appellate court's decision and informed Petitioner that he had the option of filing a *pro se* PDR. *Id.* at 11. This letter does not establish an "extraordinary circumstance" prevented Petitioner from timely filing his federal petition, as the letter in no way instructs or encourages Petitioner to file a PDR. Further, counsel's alleged failure to inform Petitioner of the limitations deadline does not constitute an "extraordinary circumstance" because ineffective assistance of counsel is generally irrelevant when determining whether tolling should apply. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (finding the effectiveness of direct appeal counsel in state court "is not relevant to the question of tolling the AEDPA's statute of limitations."); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (finding "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.").

Both of Petitioner's justifications for equitable tolling—trial and appellate counsel's failure to advise him of the AEDPA deadline—essentially request tolling because Petitioner was unaware of his rights to seek habeas corpus relief.  But a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).  Because Petitioner has not met his burden of demonstrating a rare or extraordinary circumstance beyond his control caused the late filing of his federal habeas petition, equitable tolling does not apply.

Regardless, even if the advice of Petitioner's trial and appellate counsel was somehow faulty or incomplete, Petitioner still fails to demonstrate that he has been pursuing his rights diligently.  Each of the allegations raised in Petitioner's federal petition concern the constitutionality of his October 2017 guilty plea and conviction, yet Petitioner did not submit his state habeas corpus application challenging this conviction until late May 2019, some fifteen months after his conviction became final following the dismissal of his direct appeal by the Texas Fourth Court of Appeals.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence."). He also fails to explain why he waited another two and a half months after the Texas Court of Criminal Appeals denied his state habeas application in February 2020 before filing the instant petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Osborne Joseph Harvey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the __26th__ day of July, 2021.

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**